# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Delta Zee Solutions LLC, | No. CV-25-00414-TUC-AMM (MSA) |
| Plaintiff, | **ORDER** |
| v. | |
| Britannia Tucson LLC, et al., | |
| Defendants. | |

On January 9, 2026, Magistrate Judge Maria S. Aguilera issued a Report and Recommendation ("R&R") recommending this Court deny Plaintiff/Counterdefendant Delta Zee Solutions LLC's ("Delta Zee") and Counterdefendant Mark Zepeda's (together the "DZ Parties") Motion for Declaratory Judgment. (Doc. 43.) The DZ Parties timely objected, and Defendant/Counterclaimant Britannia Tucson, LLC ("Britannia") responded. (Docs. 48–49.) For the reasons discussed herein, the Court will overrule the objections and adopt the R&R.

## I.      Legal Standard

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court considers de novo only objections which are specific. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (the Court reviews de novo those portions of the R&R to which specific objection is made). The Court reviews portions of the R&R that are not objected to for clear error. *See Prior v. Ryan*, CV

10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012). However, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. § 636(b)(1)(C).

## II.    Background

This case arises out of a commercial lease dispute in which Delta Zee, the tenant, and Britannia, the landlord, each sue the other for breach of contract. (*See* Docs. 14, 18.) In its First Amended Complaint, Delta Zee alleges Britannia breached the parties' August 7, 2024 agreement (the "Lease") by failing to deliver possession of the property, which resulted in termination, unjust enrichment, and damages. (*See* Doc. 14.) In the present motion, the DZ Parties seek the Court interpret Paragraph 3.3 of the Lease as imposing a fixed 120-day deadline for delivering exclusive possession running from January 1, 2025 and terminating on May 1, 2025. (*See* Doc. 30.) Britannia opposes the motion arguing the Lease must be read as a whole, giving effect to Paragraphs 1.3, 3.3, and 51, and resulting in an adjusted Commencement Date. (*See* Doc. 38.)

In the R&R, the Magistrate Judge construed the motion as a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) finding a "motion" for declaratory relief is inconsistent with the Federal Rules. (Doc. 43 at 3 (citing *Kam-Ko Bio-Pharm Trading Co. v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 943 (9th Cir. 2009)).) The Magistrate Judge then found the Lease is reasonably susceptible to both parties' interpretations under Arizona law, and, as such, a material factual dispute exists about the contractual intent precluding judgment on the pleadings. (*Id.* at 5–7.)

## III.    Discussion

The DZ Parties' objections to the R&R assert *inter alia* that the Magistrate Judge improperly characterized and omitted lease terms, treated Britannia's allegations as established facts, permitted parol evidence, and adopted an interpretation allowing delivery

of possession after May 1, 2025, contrary to Lease Paragraphs 1.3, 2.2, 3.3, and 51. (*See* Doc. 48.) Having considered the DZ Parties' objections, the Court is not persuaded.

In Objections One and Two, the DZ Parties generally object to the Magistrate Judge's recommendation and object at length to the Magistrate Judge allegedly considering only select portions of the Lease, "omitting" lease terms, or misusing descriptive qualifiers (e.g., "standard form agreement," addendum "drafted by the parties," "Site Plan"). (*Id.* at 2–4.) However, the DZ Parties fail to explain how the alleged omissions or misdescriptions undermine the Magistrate Judge's legal analysis and conclusions. Nor do they provide legal authority to support any such claim. To the extent the DZ Parties fail to specifically identify the factual or legal errors in the Magistrate Judge's analysis, such objections are procedurally improper. *See* Fed. R. Civ. P. 72(b)(2) (requiring objections be "specific [and] written"); *see also Jones v. Wells Fargo Bank NA*, No. CV-23-01502-PHX-DJH, 2023 WL 8600809, at *1 (D. Ariz. Dec. 12, 2023) ("Plaintiff's failure to identify any flaws in the legal analysis of the R&R has the same effect as a complete failure to object." (citing *Warling v. Ryan*, No. CV-12-01396-PHX-DGC-SPL, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013))). Moreover, while the Magistrate Judge did not copy the Lease in its entirety in the R&R, she properly considered the Lease as a whole. As such, Objections One and Two are overruled.

In Objection Three, the DZ Parties assert that the R&R improperly resolved disputed facts in Britannia's favor and request the Court clarify that the facts alleged by Britannia were assumed true for the purpose of the motion only. (*Id.* at 4–5.) Here, the Magistrate Judge properly applied the standard for a motion for judgment on the pleadings and considered the factual allegations in the light most favorable to non-movant Britannia. *See Scanlon v. Cnty. of Los Angeles*, 92 F.4th 781, 796 (9th Cir. 2024). To the extent Objection Three seeks clarification, the Court finds the facts were so construed for the present motion only.

Finally, Objections Four through Eleven ultimately object to the Magistrate Judge's finding that the Lease is susceptible to multiple interpretations making judgment on the

pleadings improper. (*See* Doc. 48 6–17.) Specifically, in Objections Four though Seven, the DZ Parties assert the Magistrate Judge mischaracterized their arguments as to Lease Paragraph 51 and incorrectly determined the Lease is reasonably susceptible to Britannia's interpretation, allowing Britannia to deliver possession of the property after May 1, 2025. (*Id.*) Further, in Objection Seven, the DZ Parties argue parol evidence may not be considered because their interpretation reflects the plain reading of the Lease, and "therefore that meaning must be applied by the Court without the consideration of external evidence." (*Id.* at 10–11.) The remaining objections similarly argue that Britannia's interpretation of the Lease is improper. (*See id.* at 12–18.)

Upon a de novo review of the objections, the Court finds the Lease is susceptible to multiple interpretations when considering the allegations in the light most favorable to Britannia, making judgment in Delta Zee's favor improper at this stage. *See Scanlon*, 92 F.4th at 796 (holding judgment on the pleadings is only proper "when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law"). To the extent the DZ Parties object that the Magistrate Judge "incorrectly attribute[d]" a quotation to Plaintiff that misconstrues their position on whether the Commencement Date could start prior to the delivery of exclusive possession (Doc. 48 at 9–10), the Court finds this clarification does not change its analysis. Moreover, because multiple Lease interpretations are possible under the present standard, external evidence may be considered. *See USI Ins. Services LLC v. Alliant Ins. Services Inc.*, No. CV-23-00192-PHX-SMB, 2025 WL 1179412, at *3 (D. Ariz. Apr. 23, 2025) ("Where a contract is susceptible to more than one meaning, extrinsic evidence may be used to interpret the contract." (citing *ELM Retirement Ctr., LP v. Callaway*, 246 P.3d 938, 942 (Ariz. Ct. App. 2010))). As such, the remaining objections are overruled.

Accordingly, because the DZ Parties have not met their difficult burden on their motion for judgment on the pleadings, the Court will deny the motion. *See Svec v. Davis*, No. CV-23-01116-PHX-DWL, 2024 WL 1894008, at *2 (D. Ariz. Apr. 30, 2024) (explaining the burden on a plaintiff on a motion for judgment on the pleadings is

"difficult" because "the pleadings must conclusively establish all elements for which the plaintiff holds the burden and that no defense is possible").

### IV.  Conclusion

The Court has reviewed the Magistrate Judge's R&R (Doc. 43), the DZ Parties' objections (Doc. 48), Britannia's Response (Doc. 49), the DZ Parties' Motion for Declaratory Judgment (Doc. 30), Britannia's Response (Doc. 38), the DZ Parties' Reply (Doc. 40), and the record. Upon a de novo review of the objected to portions of the R&R, and clear error review of the unopposed portions, the Court will adopt the R&R.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation is **ADOPTED.** (Doc. 43.)

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Declaratory Judgment, construed as a Motion for Judgment on the Pleadings, is **DENIED**. (Doc. 30.)

Dated this 12th day of June, 2026.

Honorable Angela M. Martinez
United States District Judge